UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **NIMCO Real Estate Assoc., LLC,** ) | |
| **Ultima Nashua Indust. Corp.,** & **Anoosh** ) | |
| **Irvan Kiamanesh**, ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | 1:16-cv-00406-JD |
| ) | |
| **Gregory G. Nadeau**, as Administrator of the ) | |
| Federal Highway Administration, ) | |
| **City of Nashua**, and Various Unnamed ) | |
| Officials of the Aforesaid Agencies and ) | |
| **New Hampshire Department of Transportation** ) | |
| ) | |
| Defendants ) | |

## MOTION TO DISMISS CLAIMS AGAINST
## THE NEW HAMPSHIRE DEPARTMENT OF TRANSPORTATION

NOW COMES the Defendant, the State of New Hampshire, Department of Transportation (the "State"), by and through its attorneys, the Office of the Attorney General, and pursuant to Fed. R. Civ. P. 12 (b)(6) moves to dismiss the Complaint against it. In support of thereof it states as follows:

1. Plaintiffs have filed a nine (9) count Complaint (Counts I –IX), although the State is expressly named as a Defendant only in one (1) count (Count II). In that Count, Plaintiffs indicate that they are seeking equitable relief against the State because it failed to provide relocation assistance under RSA 124-A:1, *et seq*., the Uniform Relocation Assistance and Real

Property Acquisition Act (the "URA"), 42 USC §4601, *et seq.*, and under the New Hampshire Constitution.

2. All of these causes of action rely on the same key facts, i.e. the allegation that the State (and the other Defendants) have denied relocation assistance and costs to the Plaintiffs in connection with property that was acquired for the federally-funded "Broad Street Parkway" highway project in Nashua, New Hampshire.

3. This Court should dismiss Plaintiffs' counts against the State because they are barred by the doctrine of sovereign immunity, time barred by the applicable statute of limitations, and they have failed to exhaust their administrative remedies afforded to them by state and federal law. Furthermore, the complaint fails to state a claim for relief that triggers federal question jurisdiction and therefore this Court should dismiss the federal claims and decline supplemental jurisdiction with respect to the state law claims against the State. Finally, the State is entitled to immunity under the Eleventh Amendment of the U.S. Constitution.

4. In further support of its Motion, the State relies on the accompanying memorandum of law.

5. Due to the dispositive nature of this motion, the State has not sought concurrence with the relief requested herein. See L.R. 7.1(c).

WHEREFORE, this Defendant respectfully requests that this Honorable Court:

A. Grant the Defendant's Motion to Dismiss with regard to New Hampshire Department of Transportation as a Defendant; and

B. Grant any additional relief that is just and proper.

                                                      Respectfully submitted,

                                                      NEW HAMPSHIRE  
                                                      DEPARTMENT OF TRANSPORTATION

                                                      By its attorney,

                                                      Joseph A. Foster  
                                                      Attorney General

Date: November 1, 2016              /s/ Matthew T. Broadhead  
                                                      Matthew T. Broadhead  
                                                      NH Bar. No. 19808  
                                                      Assistant Attorney General  
                                                      New Hampshire Department of Justice  
                                                      33 Capitol St.  
                                                      Concord, NH  03301  
                                                      Tel. (603) 271-3675  
                                                      Fax (603) 271-2110  
                                                      Matthew.Broadhead@doj.nh.gov

## Certificate of Service

     I certify that, on the above date, a copy of the foregoing will be sent electronically to counsel of record for all parties who are registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

                                                      /s/ Matthew T. Broadhead