**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| **NIMCO REAL ESTATE ASS., LLC,** | ) | **Civil Action No. 1:16-cv-406-JD** |
| **ULTIMA NASHUA INDUSTRIAL** | ) | |
| **CORP., AND ANOOSH IRVAN** | ) | |
| **KIAMANESH,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Answer to Complaint,** |
| **v.** | ) | **Affirmative Defenses** |
| | ) | **and Cross Claim** |
| **GREGORY G. NADEAU, CITY OF** | ) | |
| **NASHUA, VARIOUS UNNAMED** | ) | |
| **OFFICIALS AND AGENCIES** | ) | |
| **AND NHDOT** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER TO COMPLAINT

The City of Nashua ("City") hereby answers the Complaint of the Plaintiffs, asserts affirmative defenses, brings a cross claim and states as follows:

### Introduction/Nature of the Case

1. The allegations contained in paragraph 1 are the Plaintiffs' characterization of the action and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

Federal Questions

2. The allegations contained in paragraph 2 are the Plaintiffs' characterization of the action and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

Supplemental State Law Claims

3.      The allegations contained in paragraph 3 are the Plaintiffs' characterization of the action and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

4.      The allegations contained in paragraph 4 are the Plaintiffs' characterization of the action to which no response is required; to the extent they may be deemed allegations of fact, they are denied.  Defendant avers that stay and/or removal from state court and consolidation is not proper.

## Jurisdiction and Venue

Paragraph not numbered.      The allegations contained in the paragraph are legal conclusions to which no response is required; to the extent they may be deemed allegations of fact, they are denied.  Defendant avers that the Court does not have jurisdiction and that the City of Nashua did not waive sovereign immunity from this suit.

## Parties

5.      The allegations contained in sentence one of paragraph 5 are admitted.  The allegation in sentence two that the taking was "purported" is denied, the balance of the allegations in sentence two are admitted.[1]

6.      The allegations contained in paragraph 6 are admitted.

7.      The allegations contained in paragraph 7 are denied for lack of knowledge sufficient to form a belief as to their truth.

8.      The allegations contained in paragraph 8 are admitted.

9.      The allegation contained in paragraph 9 is admitted.

---

[1] As used in this Answer, Affirmative Defenses and Cross Claim, the term "Subject Property" means that property conveyed and described in the June 17, 2003 Notice of Condemnation recorded in the Hillsborough County Registry of Deeds at Book 6978, page 2228.

10.     The allegations contained in paragraph 10 are denied for lack of knowledge sufficient to form a belief as to their truth.

**<u>Background</u>**

11.     The City admits only that a written "Conference Report" exists which states there was a conference on January 21, 2000 at the Mayor's office with Mayor Streeter, representatives of NHDOT and Mike Rousseau and others.  The report speaks for itself.  The remaining allegations in paragraph 11 contain Plaintiffs' characterizations of the report to which no response is required; to the extent they may be deemed allegations of fact, they are only admitted to the extent they are supported by the text of the conference report, otherwise they are denied.

12.     The City admits only that a written "Conference Report" exists signed by Nancy Mayville, P.E., NHDOT'S Project Manager which lists a timetable estimate.  The report speaks for itself.  The remaining allegations in paragraph 12 contain Plaintiffs' characterizations of the report to which no response is required; to the extent they may be deemed allegations of fact, they are only admitted to the extent they are supported by the text of the conference report, otherwise they are denied.

13.     The City admits that manufacturing equipment and machinery is located in the Subject Property.  The remaining allegations in paragraph 13 are denied for lack of knowledge sufficient to form a belief as to their truth.

14.     The City denies the allegations in paragraph 14 for lack of information sufficient to form a belief about its truth; the sentence does not allege of whom

representatives of the Plaintiff(s) purportedly made the request or when the purported request was made.

15.    The City admits only that there is a letter dated March 14, 2000 from Jeanne A. Grover, NHDOT's Chief Relocation Advisor to Plaintiff NIMCO.   The letter speaks for itself.   The remaining allegations in paragraph 15 contain Plaintiffs' characterizations of the letter to which no response is required; to the extent they may be deemed allegations of fact, they are only admitted to the extent they are supported by the text of the letter, otherwise they are denied.

16.    City denies the allegations in paragraph 16 for lack of information sufficient to form a belief about their truth; sentence one does not allege of whom representatives of the Plaintiff(s) purportedly made the inquires or when the purported inquiries were made and in sentence two the term "assistance" is vague.

17.    City denies the allegations in paragraph 17 for lack of information sufficient to form a belief about their truth.

18.    City denies the allegations in paragraph 18 for lack of information sufficient to form a belief about their truth.

19.    City denies the allegations in paragraph 19 for lack of information sufficient to form a belief about their truth.

20.    City denies the allegations in paragraph 20 for lack of information sufficient to form a belief about their truth.

21.    The City admits only that there is an email dated April 3, 2003 from Bill Janelle, NHDOT, to Carol Murray, also of NHDOT, which states that "[y]esterday Nancy and I were visited by Dr. Kia …."  The email speaks for itself.  The remaining

allegations in paragraph 21 contain Plaintiffs' characterizations to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

22.   The City denies the allegations in sentence one of paragraph 22 for lack of information sufficient to form a belief about their truth; sentence one also contains conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.  As to the second sentence of paragraph 22, the City admits NHDOT at some point received two quotes from NIMCO, one for $2,105,000 for "plant relocation" and one for $1,903,000 for "NIMCO Relocation Project Costs," all other allegations in sentence two are denied.

23.   The City denies the allegations in paragraph 23 for lack of information sufficient to form a belief about their truth.

24.   The City denies the allegations in paragraph 24 for lack of information sufficient to form a belief about their truth.

25.   The City denies the allegations in paragraph 25 regarding a letter from Mr. Rau dated April 23, 2003 for lack of information sufficient to form a belief about their truth. The City admits only that there exists an email from Mr. Rau to Betsy Bosiak, NHDOT, dated May 15, 2003.   The email speaks for itself.   The remaining allegations in paragraph 25 contain Plaintiffs' characterizations of the email to which no response is required; to the extent they may be deemed allegations of fact, they are only admitted to the extent they are supported by the text of the email, otherwise they are denied.

26.    In paragraph 26, the City denies the allegations that "a portion of the building" was not taken and that "a portion of the building [was] not needed for the Parkway Project."  The City admits only that $1,210,000 was offered to NIMCO for 2.14 acres of land and "any buildings thereon" (See Notice of Condemnation dated June 17, 2003 and recorded in the Hillsborough County Registry of Deeds at Book 6978, Page 2228).  The City denies all remaining allegations in paragraph 26 for lack of information sufficient to form a belief about their truth.

27.    The City denies all the allegations in paragraph 27 regarding what the offer made by the NHDOT was "based on" for lack of information sufficient to form a belief about its truth. The City admits that an appraisal report by Rauseo & Associates with a cover letter dated May 13, 2004 prepared for the NHDOT for the Subject Property exists and shows "total damages" as of April 14, 2003, at $1,210,000 ("April 2013 Appraisal").  The report speaks for itself.  The remaining allegations in paragraph 27 contain Plaintiffs' characterizations of the report and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.  By way of further answer, Plaintiffs settled the condemnation action with a Docket Marking Agreement signed by Plaintiff NIMCO on October 22, 2004 and the City avers that any challenge to the offer amount is therefore barred.

28.    The City admits only that there is a letter dated September 30, 2003 from Chip Johnson, NHDOT Right of Way Agent Supervisor, to Alan Rau "Ultima Nimco." The letter speaks for itself.  The remaining allegations in paragraph 28 contain

Plaintiffs' characterizations to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

29. The City denies the allegations in paragraph 29 for lack of information sufficient to form a belief about their truth.

30. The City denies it "promised" Plaintiffs it would "pay the eminent domain compensation award and relocation benefits" other than as required by law.   The City denies the remaining allegations in paragraph 30 for lack of information sufficient to form a belief about their truth.

31. The City admits only that there exists an email from Mr. Rau to Betsy Bosiak, NHDOT, dated May 15, 2003.  The email speaks for itself.  The City denies the remaining allegations in paragraph 31 for lack of information sufficient to form a belief about their truth.

32. The City denies the allegations in paragraph 32 for lack of information sufficient to form a belief about their truth.

33. The City denies the allegations in paragraph 33 for lack of information sufficient to form a belief about their truth. By way of further answer, pursuant to RSA 498-A:11 and Tax 210.05 and upon information and belief based on a June 17, 2003 enclosure letter from the NHDOT to the New Hampshire Board of Tax and Land Appeals (BTLA), the estimated damages totaling $1,210,000 were deposited with the BTLA with the filing of the Declaration of Taking for the Subject Property.

34. The City denies the allegations in paragraph 33 for lack of information sufficient to form a belief about their truth.

35. The City denies the allegations in paragraph 35 for lack of information sufficient to form a belief about their truth.

36.     The City denies the allegations in paragraph 36 for lack of information sufficient to form a belief about their truth.

37.     The City denies it made a "promise" to Plaintiffs "that relocation funds would be forthcoming" other than as required by law.   The City denies the remaining allegations in paragraph 37 for lack of information sufficient to form a belief about their truth.

38.     The City denies it made a "promise" to Plaintiffs "to pay relocation benefits" other than as required by law.    The City denies the remaining allegations in paragraph 38 for lack of information sufficient to form a belief about their truth.

39.     The City admits only that there is a letter dated September 30, 2003 from Chip Johnson, NHDOT Right of Way Agent Supervisor, to Alan Rau "Ultima Nimco." The letter speaks for itself.   The City denies the allegations in paragraph 39 regarding relocation payments for lack of information sufficient to form a belief about their truth. The remaining allegations in paragraph 39 contain Plaintiffs' characterizations to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

40.     The City denies the allegations in paragraph 40 for lack of information sufficient to form a belief about their truth.

41.     The City denies the allegations in paragraph 41 for lack of information sufficient to form a belief about their truth.

42.     The City denies the allegations in paragraph 42 for lack of information sufficient to form a belief about their truth.

43.     The City denies the allegation regarding NHDOT in paragraph 43 for lack of information sufficient to form a belief about its truth. The City denies the remaining allegations in paragraph 43.

44.     The City denies the allegations in the first sentence of paragraph 44 for lack of information sufficient to form a belief about their truth.  The City denies it did not provide relocation assistance to Plaintiffs.   The City denies the remaining allegations in the second sentence for lack of information sufficient to form a belief about their truth.

45.     Upon information and belief, the City admits there were leases between Plaintiff Ultima and NHDOT, as agent for the City, for the Subject Property. By way of further answer, the City only has a copy of one lease for the term of July 1, 2010 – June 30, 2011 (2010 Lease).   The City denies the remaining allegations in paragraph 45.

46.     The City denies the leases are "purported."  The City admits the 2010 Lease requires Plaintiff Ultima to pay real estate taxes on the Subject Property in lieu of rent.   The City admits it owns the Subject Property.   The City denies the remaining allegations in paragraph 46.

47.     The City denies the leases are "purported." The remaining allegations contained in paragraph 47 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

48.     The allegations contained in paragraph 48 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

49.     The City denies the leases are "purported."  The remaining allegations contained in paragraph 49 are the Plaintiffs' characterization of parties' actions and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

50.      Denied.

51.     The City denies the leases are "purported."   The City admits the 2011 Lease included a provision regarding payment of real property taxes on the Subject Property. The City admits it owns the Subject Property. The City denies that .3 *improved* acres were excluded from the taking from Plaintiff NIMCO.  By way of further answer, .3 acres of *unimproved* land were excluded from the taking.

52.     Denied.

53.     The City denies the allegation in paragraph 53 that that no relocation assistance was made available.  The City denies the remaining allegations for lack of information sufficient to form a belief about their truth.

54.     The City denies the allegation in paragraph 54 for lack of information sufficient to form a belief about its truth.

55.     The City denies the allegation in paragraph 55 that that it did not provide relocation assistance.  The City denies the remaining allegations for lack of information sufficient to form a belief about their truth.

56.     The City denies the allegations in paragraph 56 for lack of information sufficient to form a belief about their truth.

57.     The City denies the allegations in paragraph 57 for lack of information sufficient to form a belief about their truth.

58.     The City denies any meeting on September 28, 2009. The City admits the remaining allegations in paragraph 58.

59.     Denied.

60.     Denied. By way of further answer Plaintiff Dr. Kia was told at and/or prior to the September 29, 2009 meeting that a proposed realignment of the Broad Street Parkway would miss the Subject Property, negating the need to demolish the building.

61.     The City denies the allegations in paragraph 61 for lack of information sufficient to form a belief about their truth.

62.     The City admits only that there is a letter dated December 18, 2009 from Alan Rau to John "Chip" Johnson, NHDOT Right of Way Agent Supervisor. The letter speaks for itself.  The remaining allegations in paragraph 62 contain Plaintiffs' characterizations of the letter to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

63.     The City admits that there is a letter dated December 18, 2009 from Alan Rau to John "Chip" Johnson, NHDOT Right of Way Agent Supervisor. The City denies the remaining allegations in paragraph 63 for lack of information sufficient to form a belief about their truth.

64.     Admitted.

65.     The City admits that there is an email dated August 2, 2010 from John "Chip" Johnson, NHDOT Right of Way Agent Supervisor to Alan Rau of Plaintiffs. The email speaks for itself.   The remaining allegations in paragraph 65 contain

Plaintiffs' characterizations of the email to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

66.     The City denies the allegations in paragraph 66 for lack of information sufficient to form a belief about their truth.

67.      The first sentence of paragraph 67 is denied.  The City admits that there is an email dated September 7, 2010 from John "Chip" Johnson, NHDOT Right of Way Agent Supervisor to Alan Rau, responding to a September 1, 2010 email form Mr. Rau. The emails speak for themselves.  No response is required to Plaintiffs' characterizations of the emails; to the extent they may be deemed allegations of fact, they are denied.  The City denies the remaining allegations in paragraph 67 for lack of information sufficient to form a belief about their truth.

68.     Admitted.

69.     The City admits that there is an email dated September 26, 2014 from Plaintiff Dr. Kia to Mr. Galligani. The email speaks for itself.  The remaining allegations in paragraph 69 contain Plaintiffs' characterizations of the email to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

70.     The City admits that there is a letter dated April 1, 2015 from Mr. Galligani to Plaintiffs. The letter speaks for itself.  The remaining allegations in paragraph 70 contain Plaintiffs' characterizations of the letter to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

71.     The City admits that there is an email dated June 25, 2015 from Mr. Galligani to Plaintiffs attaching a draft lease.  The email and lease speak for themselves.  The

City denies the remaining allegations in paragraph 71 for lack of information sufficient to form a belief about their truth.

72.      The City denies Dr. Kia sent a letter to the City on July 14, 2015.  The City admits that there is an email dated July 14, 2015 from Dr. Kia to Mr. Chip Johnson, NHDOT.  The email speaks for itself.  The remaining allegations in paragraph 72 contain Plaintiffs' characterizations of the email to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

73.      Denied.

74.      Admitted. By way of further answer, the notice to quit date was extended to January 31, 2016.

75.      The City admits that Plaintiffs did not quit the Subject Property.  The City denies that relocation assistance was "required" for Plaintiffs in August 2015, over five years after Ultima received a letter from the City telling them they were no longer displaced. The City denies the remaining allegations in paragraph 75 for lack of information sufficient to form a belief about their truth.

76.      The City admits it filed the Hillsborough Superior Court action against Plaintiff Ultima on April 19, 2015, with Plaintiff Ultima being served on May 5, 2015. The Complaint speaks for itself.  The City denies the lease is "purported."  The remaining allegations in sentence 1 of paragraph 76 contain Plaintiffs' characterizations of the Complaint to which no response is required; to the extent they may be deemed allegations of fact, they are denied.  The City admits it sent a

notice to vacate by July 15, 2016 to Plaintiff Ultima dated April 12, 2016.  The remaining allegations are denied.

77.    The City admits it brought the action in April 2016.

78.    Admitted.

## COUNT I

79.    As to the allegations in paragraph 79, the City reasserts its responses to paragraphs 1 through 78.

80.    Admitted.

81.    It appears that Plaintiffs have accurately quoted, in part, 42 U.S.C. §4651.  The remaining allegations in paragraph 81 contain Plaintiffs' characterizations of the law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

82.    It appears that Plaintiffs have accurately summarized, in part, 42 U.S.C. §4655.  The remaining allegations in paragraph 82 contain Plaintiffs' characterizations of the law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

83.    The allegations in paragraph 83 contain Plaintiffs' characterizations of the law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

84.    It appears that Plaintiffs have accurately quoted, in part, 42 U.S.C. §4621.  The remaining allegations in paragraph 84 contain Plaintiffs' characterizations of the law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

85.     The allegations in paragraph 85 contain Plaintiffs' characterizations of the law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

86.     The allegations in paragraph 86 that there was a "duty" and an "obligation" and a "violation" are legal conclusions to which no response is required.  To the extent a response is required, they are denied.  The City denies the remaining allegations in paragraph 86 for lack of information sufficient to form a belief about their truth.

87.     The allegations in paragraph 87 are legal conclusions to which no response is required.  To the extent a response is required, they are denied.

88.     The allegation in sentence one of paragraph 88 that were "other similarly situated landowners" is denied.  The balance of sentence one contains legal conclusions to which no response is required. To the extent a response is required, they are denied.  The allegation in sentence two of paragraph 88 that Plaintiffs were provided "no relocation assistance or benefits" is denied.  The remainder of sentence two is admitted.

89.     The City denies the allegations in sentence one of paragraph 89 for lack of information sufficient to form a belief about their truth. Sentence two is a legal conclusion to which no response is required.  To the extent a response is required, they are denied.

90.     Paragraph 90 is Plaintiffs' request for relief to which no response is required.  If a response is required, the City denies the legal conclusion(s), and all assertions and allegations and leave Plaintiffs to prove the same.

## COUNT II

91.     As to the allegations in paragraph 91, the City reasserts its responses to paragraphs 1 through 90.

92.     Denied.

93.     It appears that Plaintiffs have accurately quoted, in part, RSA 124-A:13.  As a summary of law, no response is required; to the extent they may be deemed allegations of fact, they are denied.

94.     The allegations in paragraph 94 contain Plaintiffs' characterizations of the law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

95.     It appears that Plaintiffs' have accurately quote, in part, section 1.05 of the NHDOT Right of Way Manual (updated 06/20/2011). The Manual speaks for itself.  To the extent there are any factual allegations in paragraph 95, they are denied.

96.     Admitted.

97.     The allegation in paragraph 97 that NHDOT was an agent for the City in matters relating to this complaint is admitted. The remainder of the allegations in paragraph 97 contain Plaintiffs' characterizations of the law and/or legal conclusions to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

98.     The allegation in paragraph 98 that NHDOT was an agent for the City in matters relating to this complaint is admitted. The remainder of the allegations in paragraph 98 contain Plaintiffs' characterizations of the law and/or legal

conclusions to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

99.    Paragraph 99 is Plaintiffs' request for relief to which no response is required.  If a response is required, the City denies the legal conclusion(s), and all assertions and allegations and leave Plaintiffs to prove the same.

## COUNT III

100.    As to the allegations in paragraph 100, the City reasserts its responses to paragraphs 1 through 99.

101.    The allegation in paragraph 101 that NHDOT was an agent for the City in matters relating to this complaint is admitted. The allegation that the City took the "improved Subject Property," is admitted.  The allegation that the taking was "purported" is denied.  The remainder of the allegations in paragraph 101 are either legal conclusions to which no response is required; or they are denied.

102.    The allegation in paragraph 102 that the City filed an eviction action against Plaintiff Ultima is admitted.  The remainder of the allegations in paragraph 102 are either legal conclusions to which no response is required; or they are denied.

103.    Paragraph 103 is Plaintiffs' request for relief to which no response is required.  If a response is required, the City denies the legal conclusion(s), and all assertions and allegations and leave Plaintiffs to prove the same.

## COUNT IV

104.    As to the allegations in paragraph 104, the City reasserts its responses to paragraphs 1 through 103.

105.   The allegation in paragraph 105 that Plaintiffs accepted payment of the eminent domain damages payment.   The City denies the remainder of the allegations, including the year the Plaintiffs accepted the payment, of paragraph 105 for lack of information sufficient to form a belief about their truth.

106.   The City denies the allegations of paragraph 106 for lack of information sufficient to form a belief about their truth.

107.   The City denies the allegations of paragraph 107 for lack of information sufficient to form a belief about their truth.

108.   Paragraph 108 contains legal conclusions to which no response is required; to the extent they may be deemed allegations of fact, they are denied.   By way of further answer, Plaintiffs settled the condemnation action at the BTLA with a Docket Marking Agreement signed by Plaintiff NIMCO on October 22, 2004.  An appeal to the NH Superior Court regarding eminent domain compensation is only allowed if such amount is "awarded" by the BTLA.  RSA 498-A:27.  As there was a settlement, no "award," the City avers that Plaintiffs were barred from contesting the compensation in Superior Court.

109.   Paragraph 109 contains legal conclusions to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

110.   Paragraph 110 is Plaintiffs' request for relief to which no response is required.  If a response is required, the City denies the legal conclusion(s), and all assertions and allegations and leave Plaintiffs to prove the same.

**COUNT V**

111.   As to the allegations in paragraph 111, the City reasserts its responses to paragraphs 1 through 110.

112.   Paragraph 112 contains legal conclusions to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

113.   The allegations in sentence one of paragraph 113 are denied. Sentences two and three contain legal conclusions to which no response is required. To the extent a response is required, they are denied.

114.   The allegation that the City did not provide relocation assistance or benefits to Plaintiffs is denied. The balance of the allegations in paragraph 114 are admitted. By way of further answer, the City provided assistance to more than four other businesses.

115.   The City denies the allegation of paragraph 115 regarding what Plaintiffs "believed" for lack of information sufficient to form a belief about its truth. The City admits it followed the Uniform Act, state law, and all applicable regulations and policies in its dealings with Plaintiff. The remainder of the allegations are denied.

116.   The City denies the allegation in paragraph 116 that it failed to provide Dr. Kia with the necessary relocation assistance and funds and that it was "aware" of Dr. Kia's business dealings. The remaining allegations are denied for lack of information sufficient to form a belief about their truth.

117.   The City admits it followed the Uniform Act, state law, and all applicable regulations and policies in constructing the Broad Street Parkway, including the Uniform Act. The remaining allegations in paragraph 117 are denied.

118.   The City admits it has not, to date, sued any other entity impacted by a taking for the Broad Street Parkway for eviction and damages.  The remaining allegations in paragraph 118 are denied.

119.   The allegations in paragraph 119 are denied.

120.   The City admits it followed the Uniform Act, state law, and all applicable regulations and policies in constructing the Broad Street Parkway, including the Uniform Act.  The City admits it has not, to date, sued any other entity impacted by a taking for the Broad Street Parkway for eviction and damages. The remaining allegations in paragraph 117 are legal conclusions to which no response is required; to the extent a response required, they are denied.

121.   The allegations in paragraph 121 are denied.

122.   The allegations in paragraph 122 are legal conclusions to which no response is required; to the extent a response required, they are denied.

123.   Paragraph 123 is Plaintiffs' request for relief to which no response is required.  If a response is required, the City denies the legal conclusion(s), and all assertions and allegations and leave Plaintiffs to prove the same.

## COUNT VI

124.   As to the allegations in paragraph 124, the City reasserts its responses to paragraphs 1 through 123.

125.   The allegations in paragraph 125 contain Plaintiffs' characterizations of the law and/or legal conclusions to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

126.    The allegations in paragraph 126 contain Plaintiffs' characterizations of the law and/or legal conclusions to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

127.    The allegations in sentence one of paragraph 127 contain Plaintiffs' characterizations of the law and/or legal conclusions to which no response is required; to the extent they may be deemed allegations of fact, they are denied. The City admits it followed the Uniform Act, state law, and all applicable regulations and policies in constructing the Broad Street Parkway, including the Uniform Act.  The City denies there are "other similarly situated businesses" and that Plaintiffs were "denied relocation."   The remaining allegations in sentences two and three of paragraph 127 contain Plaintiffs' characterizations of the law and/or legal conclusions to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

128.    The allegations of paragraph 128 contain Plaintiffs' characterizations of the law and/or legal conclusions to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

129.    The allegations of paragraph 129 contain Plaintiffs' characterizations of the law and/or legal conclusions to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

130.    The City denies it "promised" Plaintiffs they would "receive relocation funds in connection with the taking of the Subject Property" other than as required by law. The City denies the allegations of paragraph 130 relative to NHDOT for lack of

information sufficient to form a belief about its truth. The remainder of the allegations are denied.

131. The City denies the allegations of paragraph 131 for lack of information sufficient to form a belief about its truth.

132. The City denies the allegations of paragraph 132 for lack of information sufficient to form a belief about its truth.

133. The City denies it "promised" Plaintiffs they would "receive relocation funds" or "funds necessary to move the business" other than as required by law.  The City denies the remaining allegations of paragraph 133 for lack of information sufficient to form a belief about their truth.

134. The City denies the allegations of paragraph 134 for lack of information sufficient to form a belief about its truth.

135. The City admits Plaintiffs received payment for the Subject Property. The City admits Plaintiffs no longer owned the Subject property as of the date of condemnation.  The remaining allegations in paragraph 135 are denied.

136. The City denies it "promised" Plaintiffs they would "receive relocation funds to which they were entitled" other than as required by law.  The City denies the remaining allegations of paragraph 136 for lack of information sufficient to form a belief about their truth.

137. The City denies the allegations of paragraph 137 for lack of information sufficient to form a belief about their truth.

138. The City denies the allegations of paragraph 138 for lack of information sufficient to form a belief about their truth.

139.    The City denies the allegations in the first sentence of paragraph 139 for lack of
        information sufficient to form a belief about their truth.   The City admits that
        there is a letter dated April 26, 2010 from Leon Kenison, P.E. Director of Public
        Works for the City to Plaintiffs which states "Ultima Nimco will no longer have
        to relocate." The letter speaks for itself.   The City admits that there is an email
        dated September 7, 2010 from John "Chip" Johnson, NHDOT Right of Way
        Agent Supervisor to Plaintiffs stating "Persons not displaced are those not
        required to move as a result of the project."   The email speaks for itself.   No
        response is required to Plaintiffs' characterizations of the letter and email; to the
        extent they may be deemed allegations of fact, they are denied.   If Plaintiffs are
        not referring to the above mentioned letter and email, the City denies the
        remaining allegations in paragraph 139 for lack of information sufficient to form a
        belief about their truth.

140.    The City admits there is a 2010 Lease regarding the subject property with Plaintiff
        Ultima.   The City denies its course of conduct was "unfair and inequitable" and
        that the lease was "purported." The remaining allegations in paragraph 140 are
        denied as legal conclusions or for lack of sufficient knowledge to form a belief as
        to their truth.

141.    The City admits it instituted eviction proceedings and a civil action in NH
        Superior Court seeking damages against Plaintiff Ultima regarding the Subject
        Property.   The pleadings speak for themselves. The City denies the remaining
        allegations in paragraph 141.

142.   The allegation in paragraph 142 regarding Plaintiffs "suffered severe losses"  are denied for lack of sufficient knowledge to form a belief as to its truth. The remainder of the allegations are denied.

143.   Paragraph 143 contains a legal conclusion to which no response is required.  If a response is required, the City denies the legal conclusion and all assertions and allegations.

144.   The City admits it took the Subject Property through eminent domain.  It appears that Plaintiffs have accurately summarized, in part, RSA 498-A:2.  The remaining allegations in paragraph 144 are denied.

145.   Paragraph 145 is Plaintiffs' request for relief to which no response is required.  If a response is required, the City denies the legal conclusion(s), and all assertions and allegations and leave Plaintiffs to prove the same.

## COUNT VII

146.   As to the allegations in paragraph 146, the City reasserts its responses to paragraphs 1 through 145.

147.   It appears that Plaintiffs have accurately summarized, in part, 42 U.S.C. §4654.

148.   The allegation in paragraph 148 is a legal conclusion to which no response is required.

149.   The City admits that there is a letter dated April 26, 2010 from Leon Kenison, P.E. Director of Public Works for the City to Plaintiffs which states "Ultima Nimco will no longer have to relocate." The letter speaks for itself.  The City admits that there is an email dated September 7, 2010 from John "Chip" Johnson, NHDOT Right of Way Agent Supervisor to Plaintiffs stating "Persons not

displaced are those not required to move as a result of the project." The email speaks for itself. No response is required to Plaintiffs' characterizations of the letter and email; to the extent they may be deemed allegations of fact, they are denied. If Plaintiffs are not referring to the above mentioned letter and email, the City denies the remaining allegations in paragraph 149 for lack of information sufficient to form a belief about their truth.

150.    Denied.

151.    The City admits that the taking of the Subject Property was valid. The remaining allegations of paragraph 151 are denied.

152.    The allegations in paragraph 152 are legal conclusions to which no response is required. If a response is required, they are denied.

153.    Paragraph 153 is Plaintiffs' request for relief to which no response is required. If a response is required, the City denies the legal conclusion(s), and all assertions and allegations and leave Plaintiffs to prove the same.

## COUNT VIII

154.    As to the allegations in paragraph 154, the City reasserts its responses to paragraphs 1 through 153.

155.    The City reasserts its responses to all allegations "referenced in the preceding paragraphs." The City admits it followed the Uniform Act, state law, and all applicable regulations and policies in constructing the Broad Street Parkway, including the Uniform Act. For the unidentified "numerous dates" and the remaining allegations the City denies the allegations in paragraph 155 for lack of information sufficient to form a belief about their truth.

156.    The City denies the allegations in paragraph 156 for lack of information sufficient to form a belief about their truth.

157.    The City denies the allegations in paragraph 157 for lack of information sufficient to form a belief about their truth.

158.    The City denies the allegations in paragraph 158 for lack of information sufficient to form a belief about their truth.

159.    The City denies the allegations in paragraph 159 for lack of information sufficient to form a belief about their truth.

160.    The City denies the allegations in paragraph 160 for lack of information sufficient to form a belief about their truth.

161.    The City denies the allegations in paragraph 161 for lack of information sufficient to form a belief about their truth.

162.    The City reasserts its responses to all allegations "described" in preceding paragraphs.  The City denies the remaining allegations in paragraph 162 for lack of information sufficient to form a belief about their truth.

163.    Paragraph 163 is Plaintiffs' request for relief to which no response is required.  If a response is required, the City denies the legal conclusion(s), and all assertions and allegations and leave Plaintiffs to prove the same.

## COUNT IX

164.    As to the allegations in paragraph 164, the City reasserts its responses to paragraphs 1 through 163.

165.    The City reasserts its responses to all allegations in paragraph 61 and 62.

166.   The City denies the remaining allegations in paragraph 166 for lack of information sufficient to form a belief about their truth.

167.   The allegations in paragraph 167 are denied.  By way of further answer, eviction only gives possession to the realty.  Personal property remains the property of the tenant until deemed abandoned.  See RSA 540-A:3,VII.

168.   The City denies the remaining allegations in paragraph 168 for lack of information sufficient to form a belief about their truth.

169.   The allegations in paragraph 169 are legal conclusions to which no responses is required, if a response is required, they are denied.

170.   Paragraph 170 is Plaintiffs' request for relief to which no response is required.  If a response is required, the City denies the legal conclusion(s), and all assertions and allegations and leave Plaintiffs to prove the same.

171.   Paragraph 171 is Plaintiffs' request for relief to which no response is required.  If a response is required, the City denies the legal conclusion(s), and all assertions and allegations and leave Plaintiffs to prove the same.

### General Denial

The City denies each and every allegation in Plaintiffs' Complaint not previously admitted or otherwise qualified.

### Affirmative Defenses

The City asserts the following affirmative defenses to Plaintiffs' Complaint:

1.   The Complaint fails to state a claim upon which relief may be granted.

2.   Plaintiffs' claims against the City are barred, in whole or in part, by the equitable doctrines of estoppel, waiver, unclean hands and, laches.

3.   Plaintiffs' claims against the City are barred, in whole or in part, by reason of their own conduct.

4.   Plaintiffs' claims against the City are barred, in whole or in part, by the doctrine of the election of remedies.

5.   Plaintiffs' claims against the City are barred, in whole or in part, by applicable statutes of limitations.

6.   Plaintiffs' claims against the City are barred, in whole or in part, by sovereign immunity.

7.   Plaintiffs' claims against the City are barred, in whole or in part, by the failure to mitigate damages.

8.   Plaintiffs' claims against the City for attorneys' fees are not permissible.

9.   Plaintiffs' claims against the City are barred, in whole or in part, as being contrary to public policy.

10. Plaintiffs' claims against the City are barred, in whole or in part, by Plaintiffs' failure to exhaust administrative remedies.

11. Plaintiffs' claims against the City are barred, in whole or in part, by prior pending actions.

12. Plaintiffs' claims against the City are barred, in whole or in part, by Plaintiffs' release.

13. Plaintiffs' claims against the City are barred, in whole or in part, because there si no private right of action under the Uniform Act.

14. Plaintiffs' claims for damages against the City are barred, in whole or in part, because the damages were the result of unrelated, pre-existing, or subsequent conditions unrelated to the City's conduct.

15. The City reserves the right to amend this Answer to assert additional affirmative defenses to the Complaint or to delete affirmative defenses already pled to the extent the same are impacted through discovery.

**WHEREFORE** the Defendant, City of Nashua, respectfully asks this Court to:

   a.  Dismiss the Plaintiffs' Complaint with prejudice, in its entirety, and upon the merits; and

   b.  Grant such other and further relief as may be just and equitable

## CROSS-CLAIM

The City of Nashua, by its undersigned counsel, for its cross-claim against cross-claim defendants the State of New Hampshire, Department of Transportation ("NHDOT") states as follows:

1. The City of Nashua is a municipal corporation of the State of New Hampshire with a mailing address of 229 Main Street, Nashua, New Hampshire 03061.

2.  Cross-claim defendant NHDOT is a New Hampshire state agency with a mailing address of  PO Box 483, 7 Hazen Drive, Concord, New Hampshire 03302-0483.

3. "Subject Property" in this cross claim is that property conveyed and described in the June 17, 2003 Notice of Condemnation recorded in the Hillsborough County Registry of Deeds at Book 6978, page 2228.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 and §1367.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391.

## General Allegations

6. The Broad Street Parkway project ("BSP") was conceived as a roadway to connect the City's downtown with a central highway, the F.E. Everett Turnpike, via a new crossing of the Nashua River and through the City's Millyard.

7. The City, NHDOT and the Federal Highway Administration ("FHWA") worked together on the initial planning, engineering, and environmental studies for the BSP, including an Environmental Impact Statement ("EIS").

8. By letter dated November 21, 1996, Leon S. Kenison, Commissioner of NHDOT to the City in regards to the BSP stated:

> "This is in response to your October 10, 1996 letter in which you requested that the [NHDOT] perform the right-of-way acquisition on behalf of the City of Nashua for the [BSP]. I am pleased to confirm that the [NHDOT] is in agreement with your proposal."

9. In 1997, the City, the cross-claim defendant and FHWA completed the initial planning, engineering, and environmental studies for the BSP, including the EIS and a public hearing.

10. On March 7, 1997, FHWA approved the final EIS and issued a Record of Decision ("1997 ROD") for the BSP to be a limited access four lane road.

11. By letter dated March 27, 1997, from Mayor Donald C. Davidson to Leon S. Kenison, Commissioner of NHDOT, the City designated NHDOT as its agent to, among other things, manage all aspects of the project's right-of-way

("ROW") acquisition, including coordinating and prosecuting all eminent domain actions.

12. In response, by letter dated April 9, 1997, from Leon S. Kenison, Commissioner of NHDOT to the City's Mayor Donald C. Davidson, Mr. Kenison said "I wish to confirm that the [NHDOT] will assume the mantel of lead agency and administer the final design and construction of the proposed BSP for the City of Nashua."

13. Following issuance of the 1997 ROD, NHDOT managed the final design and commenced acquisition of ROW needed for the 4-lane concept.

14. The Declaration of Taking And Deposit of Damages A Proceeding In Rem for the Subject Property dated June 17, 2003 was signed by the NHDOT on behalf of the City.

15. The Notice of Condemnation for the Subject Property recorded in the Hillsborough County Registry of Deeds at Book 6978, page 2228 states that "The City of Nashua, by the [NHDOT] has on June 17, 2003,  filed with the New Hampshire Board of Land and Tax Appeals, a Declaration of Taking."

16. By Agreement dated January 5, 2009, between the City and NHDOT, NHDOT agreed to continue to "manage the right-of-way acquisition" for the BSP.

17. On October 7, 2010, the FHWA approved a 2-lane design for the BSP in a Revised Record of Decision ("RROD").

18. Prior to issuing the RROD, the City, NHDOT, FHWA and the New Hampshire Division of Historical Resources prepared a written Environmental Re-Evaluation.

19. With the change from a 4-lane to a 2-lane alignment for the BSP approved in the RROD, several parcels purchased for the original alignment were recognized by the City and NHDOT to be surplus.  The Subject Property was one such property.

20. At all times relevant to the Complaint and this cross-claim, NHDOT was  the City's agent responsible for the acquisition of the Subject Property, management of the Subject Property once acquired, and  the relocation assistance required by federal and state law to Plaintiffs.

21. After the Subject Property was acquired by the City, 23 C.F.R. §710.403 (d) requires that fair market rent be charged for its use unless FHWA approves an exception.

22. NHDOT did not charge fair market rent for the Subject Property in the leases it entered into as the City's agent with Plaintiff Ultima.

23. NHDOT did not charge Plaintiff Ultima fair market rent for the Subject Property for the term of July 1, 2010 – June 30, 2011 (2010 Lease).

24. FHWA did not grant an exception from the requirement to charge fair market rent for the Subject Property.

25. Plaintiffs' complaint alleges the City failed to follow federal and state law in the acquisition of the Subject Property, management of the Subject Property once acquired, and in the relocation of Plaintiffs.

**Cross-Claim: First Cause of Action**
(Negligence)

26. The City incorporates by this reference all allegations made in paragraphs 1 through 25 above.

27. NHDOT had a duty to the City to perform its duties to the City in a reasonable and prudent manner.

28. NHDOT violated its duty by failing to appropriately charge fair market rent for the Subject Property.

29. NHDOT's breach of its duty caused damages to the City in the amount of unpaid fair market rent for the Subject Property.

30. If the allegations in the Plaintiffs' complaint are adjudged to be true, NHDOT violated its duty to use care and skill by failing to follow federal and state law in the acquisition of the Subject Property, management of the Subject Property once acquired, and in the relocation of Plaintiffs.

31.  If the allegations in the Plaintiffs' complaint are adjudged to be true, NHDOT's breach of its duty to the City caused the damages incurred by Plaintiffs.

**Cross-Claim: Second Cause of Action**
(Breach of Contract)

32. The City incorporates by this reference all allegations made in paragraphs 1 through 31 above.

33. If the allegations in the Plaintiffs' complaint are adjudged to be true, NHDOT breached its agency agreements with the City by failing to perform its agency with appropriate care and diligence.

34. Loss of fair market rental income for the Subject Property was reasonably foreseeable as a result of the NHDOT's failure to fulfill its agency agreements with the City.

35. If the allegations in the Plaintiffs' complaint are adjudged to be true, by failing to exercise such appropriate care and diligence, NHDOT breached its agency agreements with the City, which breach caused damages to Plaintiffs.

36. If the allegations in the Plaintiffs' complaint are adjudged to be true, the damages to the Plaintiffs were reasonably foreseeable dues to NHDOT's failure to fulfill its agency agreements with the City.

### Cross-Claim: Third Cause of Action
(Indemnity)

37. The City incorporates by this reference all allegations made in paragraphs 1 through 36 above.

38.  To the extent Plaintiffs recover any amount against the City, NHDOT is obligated to indemnify the City.


**WHEREFORE** the Defendant, City of Nashua, respectfully asks this Court to:

a. Order NHDOT to satisfy any judgement Plaintiffs may obtain against the City based on the Plaintiffs Complaint;

b. Order NHDOT to pay to the City all the fair market rent that it should have received for the Subject Property by Plaintiffs plus interest; and

c. Grant such other and further relief as may be just and equitable

Respectfully submitted,

THE CITY OF NASHUA

By its Attorneys,
Office of Corporation Counsel

Dated: November 1, 2016            /s/ Steven A. Bolton_____
                                   Steven A. Bolton, NH Bar #67
                                   Corporation Counsel
                                   Celia K. Leonard, Esquire (NH Bar #14574)
                                   Assistant Corporation Counsel
                                   229 Main Street - P. O. Box 2019
                                   Nashua, New Hampshire 03061-2019
                                   (603) 589-3250
                                   LeonardC@nashuanh.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2016, a copy of the Answer, Affirmative Defenses and Cross Claim of the City of Nashua has been served on counsel of record pursuant to the Court's electronic filing system.

/s/ Steven A. Bolton