UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE


Nimco Real Estate
Associates, LLC, et al.

    v.                                  Civil No. 16-cv-406-JD
                                        Opinion No. 2017 DNH 056
Gregory G. Nadeau, as
Administrator of the Federal
Highway Administration, et al.


                              O R D E R

     Nimco Real Estate Associates, LLC; Ultima Nashua Equipment Corporation; and Anoosh Irvan Kiamanesh, who is manager of Nimco and president of Ultima, brought suit against Gregory G. Nadeau, the administrator of the Federal Highway Administration ("FHWA"), the City of Nashua, and the New Hampshire Department of Transportation ("NHDOT"), alleging claims that arose from the acquisition of the plaintiffs' property by eminent domain for a highway project.  The plaintiffs move to strike a declaration filed in support of Nadeau's motion to dismiss, and Nadeau objects.

     Nadeau moved, pursuant to Federal Rule of Civil Procedure 12(b)(1), to dismiss the claims brought against the Federal Department of Transportation on the ground that the court lacks

subject matter jurisdiction.[1]  In support, Nadeau submitted the declaration of Mark Hasselmann, the Right of Way Program manager at the FHWA.  The plaintiffs move to strike the declaration, arguing that in considering a motion under Rule 12 the court cannot consider matters outside the pleadings, that the motion should not be converted to a motion for summary judgment, and that the declaration is defective.

A.  Scope of Motion under Rule 12(b)(1)

In considering a motion under Rule 12(b)(1), the court credits a plaintiff's properly pleaded allegations and draws all reasonable inferences in the plaintiff's favor.  Reddy v. Foster, 845 F.3d 493, 497 (1st Cir. 2017).  The court also considers other materials and evidence in the record "whether or not the facts therein are consistent with those alleged in the complaint."  Id.; see also Torres-Negron v. J&N Records, LLC, 504 F.3d 151, 163 (1st Cir. 2007).  Therefore, an affidavit or declaration that would not be considered for purposes of a motion to dismiss under Rule 12(b)(6) is properly considered for purposes of a motion under Rule 12(b)(1).  See Mehic v. Dana-Farber Cancer Inst., Inc., 2017 WL 637681, at *3 (D. Mass. Feb.

---

[1] Nadeau is sued in his official capacity as the administrator of the Federal Highway Administration, which is part of the United States Department of Transportation.

16, 2017); Conservation Law Found. v. Cont'l Paving, Inc., 2016 WL 7116019, at *2 (D.N.H. Dec. 6, 2016).

Nadeau properly submitted a declaration in support of the motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).  As a result, the court need not consider whether to convert the motion to one for summary judgment pursuant to Rule 12(d).

B.  Declaration

The plaintiffs also argue that the declaration should be struck because Hasselmann failed to show that he has personal knowledge of the facts alleged in the complaint and failed to provide additional information that the plaintiffs contend is necessary.  Nadeau failed to respond to the plaintiffs' challenge to the validity of the declaration.

To be considered as evidence for purposes of a motion pursuant to Rule 12(b)(1), a declaration must be based on the declarant's personal knowledge.[2]  See Fed. R. Evid. 602; Friends of Mariposa Creek v. Mariposa Pub. Utils. Dist., 2016 WL 1587228, at *5 (E.D. Cal. Apr. 19, 2016); Mark Wandering Medicine v. McCulloch, 2014 WL 12588302, at *8 (D. Mont. Mar. 26, 2014); Corless v. Cole, 865 F. Supp. 2d 1002, 1019, n.4

---

[2] The personal knowledge required is of the facts stated in the declaration, not the facts alleged in the complaint, as the plaintiffs suggest.

(C.D. Cal. 2011); Dimodica v. U.S. Dep't of Justice, 2006 WL 89947, at *2 (S.D.N.Y. Jan. 11, 2006); Adarbe v. United States, 58 Fed. Cl. 707, 711, n.1 (Fed. Cl. 2003); Johnson v. United States, 47 F. Supp. 2d 1075, 1079, at n.2 (S.D. Ind. 1999).  The basis for personal knowledge may be provided by the witness's own statements.  Fed. R. Evid. 602; Friends, 2016 WL 1587228, at *5.

In his declaration, Hasselmann states that he is employed by the FHWA as the Right of Way manager for the New Hampshire division.  Hasselmann's duties include providing oversight and guidance to NHDOT to ensure its compliance with the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 ("URA").  He further states that he has been an employee of the FHWA for sixteen years.  Hasselmann provides a factual and procedural background for the highway project at issue in the plaintiffs' complaint.

The plaintiffs fault Hasselmann for not stating how long he has served as right of way manager and for not explaining whether the information he provides is based on his own experience as right of way manager, on his research, or on hearsay.  The plaintiffs also argue that Hasselmann does not provide sufficient facts to support his statements that the plaintiffs failed to file an administrative appeal.

Nadeau did not address the plaintiffs' substantive challenges to the declaration.  The plaintiffs are correct that the declaration does not explicitly or even clearly show that the statements made are based on Hasselmann's personal knowledge.  In the absence of any clarification about the bases for his declaration from Hasselmann, the court cannot determine whether the declaration is based on his personal knowledge.  Therefore, the declaration cannot be considered in support of Nadeau's motion to dismiss.

## Conclusion

For the foregoing reasons, the plaintiffs' motion to strike (document no. 28) is granted.  Exhibit 2 to document no. 22, the declaration of Mark Hasselmann, is struck and will not be considered for purposes of the motion to dismiss.

SO ORDERED.

                                                     _____
                                                     Joseph DiClerico, Jr.
                                                     United States District Judge

March 22, 2017

cc:  Jared Joseph Bedrick, Esq.
     Steven A. Bolton, Esq.
     Mark S. Bourbeau, Esq.
     Matthew T. Broadhead, Esq.
     Stephen G. LaBonte, Esq.
     Celia K. Leonard, Esq.
     Terry L. Ollila, Esq.