UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Nimco Real Estate
Associates, et al.

    v.                           Civil No. 16-cv-406-JD
                                        Opinion No. 2017 DNH 080

Gregory G. Nadeau, et al.


O R D E R

The court granted the defendants' motions to dismiss on March 23, 2017, and judgment was entered the next day.  The plaintiffs move for reconsideration of the order granting the motions to dismiss, arguing that the court erred in concluding that no private right of action exists under Subchapter II of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 ("URA"), 42 U.S.C. §§ 4621-4638.[1]  The defendants object.


Standard of Review

The plaintiffs move for reconsideration under Federal Rules of Civil Procedure 59 and 60.  Because the plaintiffs do not cite a particular part of Rule 60, they appear to seek reconsideration under Rule 59(e).

---

[1] The URA is divided into Subchapters I, II, and III.

"[R]evising a final judgment is an extraordinary remedy and should be employed sparingly." Ira Green, Inc. v. Military Sales & Serv. Co., 775 F.3d 12, 27 (1st Cir. 2014). Relief under Rule 59(e) is available "only when the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations." Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014). A party cannot succeed on a motion for reconsideration by "advanc[ing] arguments it should have developed prior to judgment" or by "regurgitat[ing] old arguments previously considered and rejected." Id. (internal quotation marks omitted).

## Discussion

The plaintiffs contend that, contrary to the court's order granting the defendants' motions to dismiss, a private right of action exists under Subhapter II of the URA, specifically § 4622. They argue that the court erroneously relied on reasoning from cases that considered whether a private right of action exists under Subchapter I and III of the URA, rather than Subchapter II; that the court did not consider whether a private right of action existed under § 4622; and that the provisions of § 4622 provide such a right. In support, they distinguish some of the cases the court cited in the analysis of whether a private right of action exists.

A.  <u>Gonzaga Standard</u>

In the prior order granting the defendants' motions to dismiss, the court first examined the standard for determining whether a private right of action exists:

> It is undisputed that the URA does not expressly provide a private right of action.  The plaintiffs argue, nevertheless, that they are entitled to assistance and benefits under § 4622 and § 4630 as "displaced persons." They urge the court to find that § 4622 and § 4630, when read together, imply a private right of action.
>
> In <u>Gonzaga v. Doe</u>, 536 U.S. 273, 282-84 (2002), the Supreme Court clarified and tightened the test used to determine whether federal legislation conferred individual rights that could be enforced through an implied cause of action and under 42 U.S.C. § 1983.  The Court explained that in determining both whether a statutory violation could be enforced through § 1983 and whether a private right of action could be implied from a statute the court "must first determine whether Congress intended to create a federal right."  <u>Id.</u> at 283.  To meet that requirement, the statute must grant rights that are "'phrased in terms of the persons benefitted'" and, for purposes of an implied right of action, the statute must "manifest[] an intent 'to create not just a private right but also a private remedy.'"  <u>Id.</u> at 284 (quoting <u>Cannon v. Univ. of Chicago</u>, 441 U.S. 677, 692, n.13 (1979), and <u>Alexander v. Sandoval</u>, 532 U.S. 275, 286 (2001)). The Court acknowledged that some language in prior opinions, including <u>Blessing v. Freestone</u>, 520 U.S. 329, 340-41 (1997) and <u>Wilder v. Va. Hosp. Ass'n</u>, 496 U.S. 498, 509 (1990), might have suggested a less stringent standard.
>
> Therefore, to determine whether a federal statute confers an implied right of action, "the key inquiry is whether the statute is 'phrased in terms of the persons benefitted' 'with an unmistakable focus on the benefited class.'"  <u>City of Portsmouth, R.I. v. Lewis</u>, 813 F.3d 54, 62 (1st Cir. 2016) (quoting <u>Gonzaga</u>, 536

U.S. at 284).  In addition, courts must consider
"whether the statute is worded in terms of government
policy and practice or individual entitlements, and
whether Congress provided alternate mechanisms for
enforcing the statute." City of Portsmouth, 813 F.3d
at 62.

Order, doc. no. 36, at *16-*18.  For purposes of the motion for

reconsideration, the plaintiffs do not dispute that Gonzaga

provides the correct standard.


B.  Private Right of Action

        In the prior order, the court acknowledged the plaintiffs'

theory and the support they offered for their theory that a

private right of action exists under the URA:

        The plaintiffs argue that they are entitled to
        enforce rights conferred in Chapter II of the URA,
        specifically § 4622 and § 4630. They argue that the
        policy of the URA "is directed at fair treatment of
        persons or businesses displaced by federal or
        federally funded projects" and rely on Pou Pacheco v.
        Soler Aquino, 833 F.2d 392, 400 (1st Cir. 1987), to
        support the claim.
        Pou Pacheco, however, was decided before the
        Supreme Court addressed the standard for determining
        whether a statute confers an implied right of action
        in Gonzaga. Contrary to the plaintiffs'
        interpretation, the court in Pou Pacheco did not
        follow the more stringent test required by Gonzaga.
        See Delancey v. City of Austin, 570 F.3d 590, 594 n.7
        (5th Cir. 2009).  Instead of determining whether
        specific provisions in Chapter II of the URA were
        phrased in terms of the persons benefitted with an
        unmistakable focus on the benefitted class, as is now
        required, the court emphasized the policy of the URA.
        The court also did not examine whether Congress had
        provided alternative mechanisms for enforcement.

Order, doc. no. 36, at *18.  The plaintiffs now concede that Pou Pacheco was not decided under the Gonzaga standard.

The court explained that courts which have considered the issue of a private right of action under the URA, using the Gonzaga standard, have concluded that no such right exists:

> Courts that have considered whether the URA confers an implied right of action under the Gonzaga test have determined that no private right of action exists.  See, e.g., Clear Sky Car Wash LLC v. City of Chesapeake, 743 F.3d 438, 443-44 (4th Cir. 2014); Delancey, 570 F.3d at 594-95; Osher v. Land Clearance for Redevelopment Auth., 2016 WL 7474990, at *2-*3 (E.D. Mo. Dec. 29, 2016) (citing cases).  More specifically, Chapter II of the URA, which includes the sections cited by the plaintiffs in their objection to the motion to dismiss, has been construed not to confer an implied right of action.[2]  Clear Sky Car Wash, LLC v. City of Chesapeake, Va., 910 F. Supp. 2d 861, 875-79 (E.D. Va. 2012).  The plaintiffs cite no case decided after Gonzaga that has found an implied private right of action under the URA.

Order, doc. no. 36, at *18-*19.  The court found that the reasoning in all cases that have addressed the private right of action under the URA was persuasive and then applied the Gonzaga

---

[2] "The URA consists of three subchapters. Subchapter I (§§ 4601-4605) is entitled 'General Provisions.' Subchapter II (§§ 4621-4638) is entitled 'Uniform Relocation Assistance,' and relates to moving expenses and replacement housing for homeowners and tenants who are displaced by federal land acquisition. Subchapter III (§§ 4651-4655), . . . is entitled 'Uniform Real Property Acquisition Policy.'" Pacific Shores Prop. Owners Ass'n v. Fed. Aviation Admin., 2014 WL 985960, at *7 (N.D. Cal. Mar. 7, 2014).

analysis to the language in § 4622 and § 4630, particularly citing the <u>district court</u> decision in <u>Clear Sky Car Wash</u>:

> The reasoning in the cases which have decided that the URA does not confer a private right of action is persuasive. The two statutes the plaintiffs rely on, § 4622 and § 4630, impose duties on "the head of the displacing agency" and "the head of a Federal agency" but do not focus on the persons who might be benefitted by the implementation of those duties.[3] <u>See</u> <u>Clear Sky</u>, 910 F. Supp. 2d at 877-78. As such, neither § 4622 nor § 4630 confers a private right of action.
>
> In addition, other means are available to enforce the URA. A disappointed applicant for benefits must seek review from the head of the federal or state agency with authority over the project. § 4633(b)(3). <u>See</u> <u>Clear Sky</u>, 910 F. Supp. 2d at 882. Then, if necessary, the applicant can challenge a federal agency's final action under the URA through the Administrative Procedures Act ("APA"), which further undermines an implied right of action. <u>Alamo Aircraft Ltd. v. City of San Antonio</u>, 2016 WL 5720860, at *2 (W.D. Tex. Sept. 30, 2016); <u>Clear Sky</u>, 910 F. Supp. 2d at 879. The plaintiffs did not allege a claim under the APA, which they confirm in their objection to the motion to dismiss.
>
> The NHDOT is the state agency that had authority over the project in this case. New Hampshire provides for "equitable treatment of persons displaced as a direct result of programs or projects undertaken by a state agency." RSA 124-A:1. Displaced persons are entitled to reasonable expenses incurred in moving, losses of "personal property as a result of moving or discontinuing a business," expenses incurred in locating a replacement property, and expenses incurred in reestablishing a business. RSA 124-A:3. RSA

---

[3] As an example, in <u>Gonzaga</u>, the Court explained that the language in Titles VI and IX was "individually focused" because those statutes state: "No person . . . shall . . . be subjected to discrimination," while unfocused language directs an agency to do something that will confer a benefit. <u>Gonzaga</u>, 536 U.S. at 287.

> chapter 124-A also provides a process for review of
> benefits decisions through rule-making by the state
> agencies. RSA 124-A:9. The NHDOT has provided a review
> process by promulgating regulations for that purpose,
> but the plaintiffs did not pursue the review process.

Order, doc. no. 36, at *19-*21.  Based on that analysis, the
court concluded that "there is no private right of action
implied by the URA and, more specifically, no private right of
action under § 4622 and § 4630.  As a result, the plaintiffs
have not alleged claims under the URA in Counts I, II, III, VI,
and VII."  Order, doc. no. 36, at *21.

The plaintiffs charge that the court erroneously relied on
Clear Sky Car Wash LLC, 743 F.3d at 443-44, Delancey, 570 F.3d
at 594-95, and Osher, 2016 WL 7474990, at *2-*3, because those
cases do not address Chapter II or § 4622 of the URA.[4]  The
plaintiffs failed to notice the distinction between the district
court and circuit court decisions in Clear Sky Car Wash.  The
plaintiffs' attempt to distinguish Delancey, because the court

---

[4] The plaintiffs' objection to Osher is provided in a
footnote, which states that the court in Osher only considered
§ 4602 and § 4651.  The plaintiffs are mistaken.  The court in
Osher first determined that the URA does not provide an express
right of private action, citing § 4602 abd § 4651, and then
continued on to consider whether an implied right of action
exists, citing § 4633 and several cases including Delancey and
the district court decision in Clear Sky Car Wash, both of which
considered whether an implied right of action exists under
Subchapter II of the URA.

7

considered whether a private right of action existed under a different section of Subchapter II, is not persuasive.

    1.  Clear Sky Car Wash

    In Clear Sky Car Wash, the City of Chesapeake planned a highway project that required acquisition of additional land, including the plaintiffs' property. 910 F. Supp. at 866.  When the plaintiffs and the city failed to reach an agreement for the purchase, the city filed a "Certificate of Take" in state court. Id. at 868.  The plaintiffs removed the action to federal court where they also filed a claim alleging that the city violated their rights under the URA, along with constitutional claims.[5] Id. at 869.

    The plaintiffs asserted that the city had violated the URA and that they had rights under the URA enforceable in federal court.  Id. at 873.  The district court considered whether a private right of action existed under either Subchapter II or Subchapter III of the URA.  Id. at 874.  The court first concluded that no private right of action existed under Subchapter III, pertaining to land acquisition policies, in light of the requirements of Gonzaga.  Id. at 874-75.

    The district court then considered whether a private right

_____

    [5] The federal court remanded the "Certificate of Take" action to state court, and the case proceeded on the plaintiffs' URA and constitutional violation claims.

of action was implied in Subchapter II, specifically §§ 4622 and 4625.  Id. at 875.  Applying the Gonzaga analysis, the court concluded that the relocation benefits provided under the URA, § 4622 and § 4625, are not enforceable through a private right of action.  Id. at 877-78.

On appeal, the plaintiffs challenged the city's valuation of their property, the city's negotiation with them, and the city's "quick take" of the property.  Clear Sky Car Wash, 743 F.3d at 440 and 442.  With respect to the third issue, the plaintiffs argued that the city's "quick take" violated the acquisition policies in § 4651 of the URA, Subchapter III. Importantly, the plaintiffs did not appeal that part of the district court's decision that held there was no implied right of action under Subchapter II of the URA.

The Fourth Circuit considered "whether the URA creates an implied right of action for enforcement of the policies mandated by § 4651."  Clear Sky Car Wash, 743 F.3d at 443.  The court applied the Gonzaga test and concluded that no private right of action existed.  Id. at 444.  The Fourth Circuit affirmed the district court's decision.  Id. at 445.

In summary, the district court in Clear Sky Car Wash held that no implied private right of action exists under Chapter II of the URA, § 4622 or § 4625.  The Fourth Circuit held that no

implied private right of action exists under Subchapter III of the URA and affirmed the district court's decision without addressing the issue under § 4622 because that was not raised on appeal.  The plaintiffs here have shown no legal error based on the court's application of the Clear Sky Car Wash district court decision and the Fourth Circuit's decision.

### 2. Delancey

In Delancey, the plaintiff appealed the district court's conclusion that the URA does not provide a private right of action for money damages for a claim that the defendant failed to provide relocation assistance under Subchapter II of the URA. 570 F.3d at 591-92.  The Fifth Circuit applied the Gonzaga analysis and agreed with the district court that § 4625 does not provide a private right of action.  Id. at 594-95.  The plaintiffs here contend that any reliance on Delancey constitutes a manifest error of law because the court in Delancey did not consider § 4622.

Sections 4622 and 4625 are both part of Subchapter II of the URA, which is titled "Uniform Relocation Assistance." Section 4622 pertains to moving and related expenses.  Section 4625 pertains to relocation planning, assistance coordination, and advisory services.

Both statutes state the government policy to be served and require "[t]he head of any displacing agency" to do certain things that are provided in the statutes. §§ 4622(a) & 4625(b). As the court in Delancey explained, that language focuses on the person regulated rather than individuals who might be benefitted, which is insufficient to create a private right of action. 570 F.3d at 594-95. The plaintiffs' theory about policymaking authority is not supported by the plain language of the statutes and does not undermine the application of the Gonzaga test in this case. Therefore, the analysis in Delancey provided appropriate guidance for the court's analysis in the order granting the defendants' motions to dismiss.

The plaintiffs have shown no ground for reconsideration of the order granting the defendants' motions to dismiss.

## Conclusion

For the foregoing reasons, the plaintiffs' motion for reconsideration (document no. 38) is denied.

SO ORDERED.

_____
Joseph DiClerico, Jr.
United States District Judge

April 24, 2017
cc: Jared Joseph Bedrick, Esq.
    Steven A. Bolton, Esq.

Mark S. Bourbeau, Esq.
Matthew T. Broadhead, Esq.
Stephen G. LaBonte, Esq.
Celia K. Leonard, Esq.
Terry L. Ollila, Esq.